IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KATHRYN BETTS,<br><br>　　　　　　Plaintiff,<br>v.<br>GREAT RESORTS VACATIONS,<br><br>　　　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:23-cv-00103-TC-CMR<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 12). Before the court is a Motion for Judgment on the Pleadings (Motion) (ECF 15) filed by Defendant Great Resorts Vacations (Defendant) pursuant to Federal Rule of Civil Procedure 12(c). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motion on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that the Motion be GRANTED.

## I.　　BACKGROUND

*Pro Se* Plaintiff Kathryn Betts (Plaintiff) brings suit based on telemarketer calls she allegedly received from Defendant and third-party telemarketers. Plaintiff filed her Complaint (ECF 1) on September 13, 2023 asserting the following claims: (1) Count 1 – Violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(B); (2) Count 2 – Violation of the TCPA, 47 U.S.C. § 227(C); (3) Count 3 – Violation of the Telemarketing Sales Rule (TSR). In her Complaint, Plaintiff alleges she is the exclusive user of a telephone number ending in 1913 (1913 Number) and that this number has been registered on the National Do Not Call Registry since August 14, 2007 (ECF 1, ¶¶ 9–10; *see also id.* ¶¶ 63–64). Plaintiff claims she did not request information from Defendant, and Defendant did not have consent to contact her (*id.* at ¶ 36).

Plaintiff alleges she received over 40 unwanted calls from Defendant or telemarketers or "calling for the benefit of the Defendant" or "acting on behalf of Defendant" (*id.* at ¶¶ 12, 16; *see also id.* at ¶¶ 18, 23, 25, 27, 29, 31) despite repeatedly asking "Defendant and their representatives verbally and in writing to cease calling" (*id.* at ¶ 65; *see also id.* at ¶¶ 11, 14, 17, 22).

On January 1, 2024, Defendant filed the present Motion pursuant to Rule 12(c) seeking dismissal of Plaintiff's third cause of action asserting a claim for violation of the TSR. Defendant argues that Plaintiff fails to allege she suffered actual damages exceeding $50,000 as required by § 6104(a) and also fails to allege she provided prior written notice to the Federal Trade Commission (FTC) as required by § 6104(b) (ECF 15 at 2).[1] In her Opposition, Plaintiff claims that her damages for TCPA violations meet the TSR requirement for damages (ECF 17 at 2). Plaintiff further claims her Complaint was mailed to the FTC on October 10, 2023 and attaches a post-office receipt (ECF 17-1). In the Reply, Defendant notes that the notice is dated after the filing of her Complaint and argues that Plaintiff nonetheless fails to allege sufficient damages in her Complaint (ECF 18 at 2). The court addresses the parties' arguments in turn.

## II.     LEGAL STANDARDS

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) "is evaluated using the same standards applicable to a Rule 12(b)(6) motion." *Mercado v. Ogden City*, No. 1:20-cv-00090-RJS-DAO, 2024 WL 757265, at *2 (D. Utah Feb. 23, 2024). "To survive a motion to

---

[1] Section 1604(b) requires a plaintiff bringing a claim under the TSR to "serve prior written notice of the action upon [the FTC] and provide [the FTC] with a copy of its complaint . . . ." 15 U.S.C. § 6104(b). An exception to this requirement exists "where such prior notice is not feasible, in which case the person shall serve such notice immediately upon instituting such action." *Id.* Plaintiff makes no plausible allegation or argument that prior notice was not feasible.

2

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Escano v. Concord Auto Protect, Inc.*, No. 22-2096, 2023 WL 4247703, at *2 (10th Cir. June 29, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).[2]

In reviewing a complaint under Rule 12(b)(6), the court "takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff." *Poe v. State of Utah*, No. 2:23-cv-00921-DBB, 2024 WL 2093623, at *2 (D. Utah May 9, 2024) (citing *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)). However, the court "will disregard conclusory statements and look only to whether the remaining factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3]

### III. DISCUSSION

The Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310, was promulgated by the FTC under the Telemarketing and Consumer Fraud and Abuse Prevention Act (TCFAPA), 15 U.S.C.

---

[2] Defendant argues for dismissal of Plaintiff's TSR claim based on a lack of standing (ECF 15 at 3), which would be a dismissal for lack of jurisdiction under Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). However, courts have dismissed TSR claims for failure to meet the damages requirement under Rule 12(b)(6). *Callier v. MultiPlan, Inc.*, No. EP-20-CV-00318-FM, 2021 WL 3053527, at *18 (W.D. Tex. Aug. 26, 2021) (dismissing TSR claim for failure to plausibly allege sufficient damages under the TSR).

[3] Because Plaintiff is proceeding pro se, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

§§ 6101, *et seq*. to prohibit abusive telemarketing practices. The TSR "prohibits telephone solicitations to a person after that person has stated he does not wish to receive further calls from a company, or if that person's telephone number is on the national do-not-call registry." *Shostack v. Diller*, No. 15CIV2255GBDJLC, 2016 WL 958687, at *6 (S.D.N.Y. Mar. 8, 2016) (citing 16 C.F.R. §§ 310.4(b)(1)(iii)(A)-(B)).

Section 1604(a) provides in relevant part that a plaintiff may bring a claim under the TSR "if the amount in controversy exceeds the sum or value of $50,000 in actual damages . . ." *See* 15 U.S.C. § 6104(a); *see also Worsham v. Discount Power, Inc.*, No. RDB-20-0008, 2021 WL 5742382, at *5 (D. Md. Dec. 1, 2021) ("The federal TSR requires a plaintiff to allege actual damages in excess of $50,000 in order to bring a claim."). However, "[s]tatutory and punitive damages cannot satisfy this requirement." *Callier v. MultiPlan, Inc.*, No. EP-20-CV-00318-FM, 2021 WL 8053527, at *18 (W.D. Tex. Aug. 26, 2021) (citing *Shostack*, 2016 WL 958687, at *6).

Here, Defendant argues Plaintiff's TSR claim is subject to dismissal because the Complaint fails to allege Plaintiff suffered more than $50,000 in actual damages (ECF 15 at 3). Plaintiff responds that "[i]t is [her] belief that the damages potentially awarded to her for the current TCPA violations surpass the $50,000 in damages that are required to file for claims under the TSR" (ECF 17 at 2). In response, Defendant argues "[i]it is inconceivable that Plaintiff suffered actual damages of more than $50,000 by receiving mere telephone calls; regardless, she never made that allegation" (ECF 18 at 2). Defendant contends that Plaintiff stating in her Opposition "merely that she believes her damages generally might surpass the threshold" is insufficient (*id.*).

The court agrees with Defendant that Plaintiff has failed to allege sufficient actual damages to sustain a TSR claim. Upon review of the Complaint, Plaintiff claims only statutory and punitive damages per phone call (ECF 1 at 8), which cannot satisfy the damages requirement for a TSR

4

claim. *See Shostack*, 2016 WL 958687, at *6 (adopting recommendation of dismissal of TSR claim as the plaintiff "only claims statutory and punitive damages, which do not count toward the $50,000 requirement, and fails to allege any actual damages"). Moreover, Plaintiff stating in her Opposition that she believes she meets the damages threshold (ECF 17 at 2) is insufficient where Plaintiff makes no such allegations of actual damages in her Complaint. Courts have dismissed TSR claims where, as here, the plaintiff fails to plausibly allege $50,000 in actual damages as required by the TSR. *See Worsham*, 2021 WL 5742382, at *5 (denying reconsideration of dismissal of TSR claim where the complaint alleged only $36,500.00 in damages as "[t]his is insufficient to state a claim under the TSR"); *Callier*, 2021 WL 3053527, at *18 (dismissing TSR claim where the complaint "does not reasonably suggest that [the plaintiff's] actual damages approach the $50,000 figure necessary to sustain his TSR claim"). Plaintiff's third cause of action is therefore subject to dismissal for failure to sufficiently allege $50,000 in actual damages as required to bring a TSR claim.[4]

## IV. RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Defendant's Motion be GRANTED and Plaintiff's third cause of action asserting a TSR claim be DISMISSED without prejudice.[5]

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy,

---

[4] Because the court has recommended dismissal of Plaintiff's TSR claim based on failure to comply with § 6104(a), the court does not reach Defendant's alternative argument for dismissal under § 6104(b).

[5] Although Defendant requests dismissal of Plaintiff's TSR claim with prejudice, Defendant has not argued that amending the claim would be futile. The court thus recommends dismissal of this claim without prejudice based on a pleading deficiency. *See Callier*, 2021 WL 3053527, at *18 (dismissing TSR claim without prejudice).

any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 29 July 2024.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah