IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| KATHRYN BETTS,<br><br>                    Plaintiff,<br><br>v.<br><br>GREAT RESORTS VACATIONS,<br><br>                    Defendant. | REPORT AND RECOMMENDATION DENYING MOTION FOR SUMMARY JUDGMENT [ECF 27]<br><br>Case No. 1:23-cv-00103-TC-CMR<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

## I.    BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 12). Plaintiff brings claims under the Telephone Consumer Protection Act (TCPA) and the Telemarketing Sales Rule (TSR) based on telemarketer calls she allegedly received from Defendant and third-party telemarketers (ECF 1). On January 1, 2024, Defendant filed a Motion for Judgment on the Pleadings seeking dismissal of Plaintiff's TSR claim (ECF 15), which the court granted (ECF 24; ECF 25). Before the court is a Motion for Summary Judgment (Motion) (ECF 27) filed by Plaintiff Kathryn Betts (Plaintiff) seeking summary judgment on her remaining claims: (1) Count 1 – Violation of the TCPA, 47 U.S.C. § 227(B); and (2) Count 2 – Violation of the TCPA, 47 U.S.C. § 227(C). Defendant Great Resorts Vacations (Defendant) filed a Response (ECF 28), and Plaintiff filed a Reply (ECF 29). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide the Motion on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the undersigned RECOMMENDS that the Motion be DENIED.

## II.    LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(a). "For there to be a 'genuine' dispute of fact, there must be more than a mere scintilla of evidence; to avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." *Aubrey v. Koppes*, 975 F.3d 995, 1004 (10th Cir. 2020) (quoting *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020)). "The court may not grant summary judgment . . . *unless* the moving party has met its initial burden of production and demonstrated its entitlement to judgment as a matter of law." *See Cooper v. Monetary Inc.*, 2:12cv506 DAK, 2014 WL 1350274, at *1 (D. Utah Mar. 28, 2014) (citing *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).

Because Plaintiff is proceeding pro se,[1] the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, "[t]his liberal treatment is not without limits, and 'this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

## III.    DISCUSSION

Plaintiff seeks summary judgment on her TCPA claims arguing that Defendant is vicariously liable for calls made by third party vendors, and Defendant's violations of the TCPA

---

[1] Defendant asserts that Plaintiff "has legal counsel helping her informally with this case" (ECF 28 at 2) and cites to Plaintiff's deposition testimony that her former attorney wrote a portion of her Complaint (ECF 28-1 at 22:21–22). Plaintiff denies that she has "undisclosed legal counsel" (ECF 29 at 10). There is no evidence before the court that counsel assisted Plaintiff with the present Motion or is otherwise representing her. The court therefore considers the Motion as a pro se filing.

are willful and knowing (ECF 27 at 12–14). In response, Defendant argues the Motion fails to include a statement of facts that complies with federal and local rules, and "all of [Plaintiff's] TCPA claims are subject to genuine issues of material fact" (ECF 28 at 3, 12). Plaintiff responds that Defendant "presented no evidence in opposition" to the Motion, Defendant "is misrepresenting the facts," and the evidence provided "is inconsistent and easily disputed" (ECF 29 at 2, 6, 8).

Federal Rule of Civil Procedure 56 provides stringent requirements for supporting factual assertions:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Similarly, Local Civil Rule 56-1 provides that a motion for summary judgment must "be supported by an Appendix of Evidence," contain "[a] concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law," and "cite with particularity the evidence in the Appendix that supports each factual assertion." DUCivR 56-1(b).

Here, the Motion does not include a concise statement of undisputed facts with citations to particular evidence, and instead states purported undisputed facts interspersed with conclusory legal argument throughout the Motion. Due to Plaintiff's failure to comply with the procedural requirements set forth in Local Rule 56-1, the court declines to sift through Plaintiff's Motion and exhibits to discern whether there are disputes of material fact. *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 n.6 (10th Cir. 2000) (declining to "search the record in an effort to

determine whether there exists dormant evidence which might require submission of the case to a jury" (quoting *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir. 1992))).

Even considering the facts interspersed with the argument, Plaintiff has failed to meet her burden to show that she is entitled to judgment as a matter of law on her claims. "The 'party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion,' and identifying the portions of the record which 'demonstrate the absence of a genuine issue of material fact.'" *100 Mount Holly Bypass v. Axos Bank*, No. 2:20-CV-00856, 2024 WL 1722557, at *10 (D. Utah Apr. 22, 2024) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id.* (quoting *Celotex Corp.*, 477 U.S. at 323–24). The court agrees with Defendant that Plaintiff has failed to properly support her claims through record evidence that demonstrates the absence of genuine issues of material fact. Rather, Plaintiff in her reply appears to acknowledge that there exist disputes of fact in the record in noting that the evidence relied on by Defendant is "easily disputed" (ECF 29 at 8).

Although Plaintiff attaches 16 exhibits to her Motion, there is little evidence to support the 41 calls that represent the alleged TCPA violations by Defendant. Exhibit P to the Motion consists of "Plaintiff's Declaration of Facts" (hereinafter, Declaration) (ECF 27-17). In her Declaration, Plaintiff states, "At the time this lawsuit was filed there were over 41 calls placed to my cellular number by Defendant. The majority of the phone calls are recorded" (*id.* at 3). Rule 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Personal knowledge means the affiant's testimony is based on the affiant's actual perceptions or

observations as opposed to 'statements of mere belief.'" *Nuss v. Utah Orthopaedic Assocs., P.C.*, No. 2:09-CV-647 TS, 2011 WL 3328708, at *1 (D. Utah Aug. 2, 2011) (quoting *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006)). "[A]t the summary judgment stage, 'statements of mere belief' in an affidavit must be disregarded." *Argo*, 452 F.3d at 1200 (quoting *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir. 1994))).

As noted by Defendant, Plaintiff also relies on an informal call log she prepared listing the 41 calls (ECF 28-3). Defendant disputes that it made or authorized any automated calls to Plaintiff (ECF 28 at 4) and cites to Plaintiff's deposition testimony to dispute these calls. For instance, when asked if her notes about the calls were accurate, Plaintiff responded, "I'm not 100 percent accurate" (ECF 28-1 at 55:14–18). In addition, when asked about whether specific calls on the call log were placed by Defendant, she responded, "So that one I do not know," and "That one I could not prove" (*id.* at 78:21–25; 80:3–6). Defendant further contends that despite extensive discovery, Plaintiff "has produced no formal/reliable call detail records (CDRs) stored automatically by any calling system, from the telemarketing vendors or the software dialing platforms themselves" (ECF 18 at 5). As Plaintiff did not provide such evidence or any recordings of the calls as record evidence in support of her Motion, it appears that she is relying on her personal knowledge as factual support for the calls in her Declaration. Without such evidence in the record to support Plaintiff's statements about the calls, however, these are statements of mere belief which must be disregarded at the summary judgment stage. *See Argo*, 452 F.3d at 1200. As explained above, absent a statement of undisputed material facts from Plaintiff in the form required by the rules, the court declines to sift through the record to determine if Plaintiff is entitled relief for any of the calls that form the basis of her TCPA claims.

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's Motion be DENIED without prejudice.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 17 July 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah